http://www.va.gov/vetapp16/Files4/1634329.txt

Citation Nr: 1634329 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 09-10 127 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUES

1. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).

2. Entitlement to an extraschedular disability rating for service-connected residuals of right ankle fracture (herein right ankle disability).

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

S. Hoopengardner, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the U.S. Army from April 1970 to September 1974 and additionally served in the Army National Guard and the Air Force Reserves. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. The Board remanded the Veteran's claims in December 2012.

The Veteran initially requested a Board hearing on his March 2009 VA Form 9, but withdrew such request in March 2012 correspondences. 

Subsequent to the most recent Supplemental Statement of the Case (SSOC) issued in December 2015, an additional document, specifically a statement from the Veteran's spouse, was associated with the Veteran's claims file, without a waiver of review by the Agency of Original Jurisdiction (AOJ). To the extent that such is considered evidence, as the Veteran's claims are being remanded, the AOJ will have the opportunity to consider such in the first instance on remand.

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

In December 2012, the Board issued a decision with respect to the issue of entitlement to an increased disability rating on a schedular basis for the Veteran's service-connected right ankle disability and granted a 20 percent disability rating, which was implemented by a January 2013 rating decision. The Board also remanded the issue of entitlement to an extraschedular disability rating for the Veteran's right ankle disability. In this regard, the Board notes that extraschedular disability ratings are available under certain circumstances and that the Board is unable to assign such ratings in the first instance, but rather must refer cases to the Under Secretary for Benefits or the Director of Compensation and Pension Service for initial consideration. See 38 C.F.R. § 3.321(b)(1) (2016); Floyd v. Brown, 9 Vet. App. 88 (1996). 

The December 2012 Board remand directives instructed to "[r]efer the issue of an increased rating for service-connected right ankle fracture residuals to the Under Secretary for Benefits, or to the Director, Compensation and Pension Service, for consideration of an extraschedular evaluation during the appeal period" (emphasis added). There is no indication that the AOJ complied with this remand directive, as the claims file contains no documentation from the Under Secretary for Benefits or the Director of Compensation and Pension Service, to include the requested decision as to extraschedular consideration. Moreover, in the December 2015 SSOC the AOJ characterized the issue as "[e]valuation of residuals of right ankle fracture currently evaluated as 20 percent disabling" and the reasons and bases reflect, essentially, an adjudication of the Veteran's service-connected right ankle disability on a schedular basis. In light of the preceding, the Board's December 2012 remand directives were not substantially complied with and remand is therefore required to ensure such compliance, specifically for referral to the Under Secretary for Benefits or the Director of Compensation and Pension Service for an initial determination as to whether an extraschedular disability rating is warranted. See Stegall v. West, 11 Vet. App. 268 (1998).
 
With respect to the Veteran's claim for entitlement to a TDIU, a finding of entitlement to a TDIU is based upon consideration of the impact of service-connected disabilities on a veteran's ability to secure or follow a substantially gainful occupation. See 38 C.F.R. § 4.16(a) (2016). As the issue of entitlement to an extraschedular disability rating for a service-connected right ankle disability is being remanded, a final determination as to the Veteran's TDIU claim is premature at this time and the Board therefore finds that the Veteran's TDIU claim is inextricably intertwined with the Veteran's extraschedular disability rating claim and accordingly must also be remanded. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Finally, while on remand, all outstanding VA treatment records must be obtained (the most recent VA treatment records of record are from September 2015).

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA treatment records (the most recent VA treatment records of record are from September 2015).

2. After completion of the above, refer the Veteran's claim for entitlement to an extraschedular disability rating for service-connected residuals of right ankle fracture to the Under Secretary for Benefits or the Director of Compensation and Pension Service pursuant to the provisions of 38 C.F.R. § 3.321(b) (2016).

3. After completing the requested actions, readjudicate the claims in light of all pertinent evidence. Note that the issue is entitlement to an extraschedular disability rating for service-connected residuals of right ankle fracture. The schedular rating is no longer on appeal. If the benefits sought remain denied, furnish to the Veteran and his representative a Supplemental Statement of the Case.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Bethany L. Buck
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).